UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JASON PAUL CHERRY,

    Plaintiff,

v.                                Case No. 3:22cv670-MCR-HTC

WILLIAM POWELL,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff, Jason Paul Cherry, a pre-trial detainee proceeding *pro se* and *in forma pauperis*, initiated this action by filing a civil rights complaint pursuant to 42 U.S.C. § 1983 based on various conditions at the Escambia County Jail. ECF Doc. 1. The matter was referred to the undersigned for preliminary screening and report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(C). For the reasons that follow, the undersigned respectfully recommends this case be dismissed without prejudice as malicious for Plaintiff's failure to prosecute, failure to comply with Court orders, and failure to truthfully disclose his prior litigation.

I. **FAILURE TO PROSECUTE AND FAILURE TO COMPLY WITH COURT ORDERS**

On January 26, 2022, the Court granted Plaintiff's motion to proceed *in forma pauperis* (ECF Doc. 2) and ordered Plaintiff to, within twenty-one (21) days, submit an initial partial filing fee of $30.13. ECF Doc. 6. Plaintiff was advised that failure to pay the partial filing fee may result in a recommendation that this action be dismissed for failure to comply with a court order or failure to prosecute. *Id.* at 4. Nonetheless, Plaintiff did not comply with that order. Thus, on February 23, 2022, the Court gave Plaintiff fourteen (14) days to show cause why his case should not be dismissed for failure to prosecute or comply with Court orders. ECF Doc. 7. The time for Plaintiff to respond to the Court's show cause order has also passed without a response from Plaintiff.

This Circuit has routinely held that "dismissal upon disregard of an order, especially where the [Plaintiff] has been forewarned, generally is not an abuse of discretion." *See e.g., Saint Vil v. Perimeter Mortg. Funding Corp.*, 715 F. App'x 912, 915 (11th Cir. 2017) (quoting *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989)). This is because "even a non-lawyer should realize the peril to [his] case, when [he] . . . ignores numerous notices" and fails to comply with court orders. *Anthony v. Marion Cty. Gen. Hosp.*, 617 F.2d 1164, 1169 (5th Cir. 1980).

Also, Plaintiff has not filed anything with the Court since initiating this action two (2) months ago. Thus, dismissal is also appropriate for failure to prosecute.

Under Rule 41(b) of the Federal Rules of Civil Procedure, a court may dismiss a claim where a Plaintiff has failed to prosecute those claims, comply with the Federal Rules of Civil Procedure or local rules, or follow a court order. Fed. R. Civ. P. 41(b); *see also Coleman v. St. Lucie Cnty. Jail*, 433 F. App'x 716, 718 (11th Cir. 2011); *Sanders v. Barrett*, 2005 WL 2640979, at *1 (11th Cir. Oct. 17, 2005) (citing *Kilgo v. Ricks*, 983 F.2d 189, 192 (11th Cir. 1993)). A district court's "power to dismiss is an inherent aspect of its authority to enforce its orders and ensure prompt disposition of lawsuits." *Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) (quoting *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983)).

## II. PLAINTIFF'S FAILURE TO DISCLOSE HIS LITIGATION HISTORY

This matter is also subject to dismissal based on Plaintiff's failure to truthfully disclose his entire litigation history. As a repeat litigant in this District, who has previously used this Court's forms, Plaintiff is aware that full and complete disclosure is required, and anything less than full disclosure will result in dismissal. Despite that knowledge and despite signing his complaint under penalty of perjury, Plaintiff failed to disclose at least (2) federal cases he previously filed with this Court.

On page 9 of Plaintiff's complaint form, Plaintiff was asked whether he had "initiated other actions . . . in either state or federal court that relate to the fact or manner of [his] incarceration . . . or the condition of [his] confinement." ECF Doc.

1 at 9.  Plaintiff was warned that "***[f]ailure to disclose all prior cases may result in the dismissal of this case.***"  *Id.* at 10.  Plaintiff, however, checked "NO" even though he knew this representation was false.

As a matter of course, the Court attempts to make an independent investigation into whether litigants truthfully complete the complaint forms, especially when a lack of candor in informing the Court of prior lawsuits may affect the Court's jurisdiction.  The time spent verifying the cases a plaintiff has filed but failed to identify, as well as the claims raised in those cases and their disposition, can be considerable.  Upon such an investigation, the undersigned takes judicial notice of the following two (2) federal actions Plaintiff filed but failed to disclose.

> *Cherry v. Despain*, 3:02cv517 (Northern District of Florida) (§ 1983 conditions of confinement dismissed for failure to prosecute)
>
> *Cherry v. Powell*, 3:21cv1226 (Northern District of Florida) (§ 2254 habeas petition dismissed for failure to exhaust administrative remedies and under the *Younger* abstention doctrine)

Each of the above cases bear Plaintiff's same name, Jason Paul Cherry, and the signatures in those cases are identical to Plaintiff's signature in this case. Additionally, both this case and *Cherry v. Powell*, 3:21cv1226, bear Plaintiff's same Escambia County Jail inmate number, 9982690537.  Thus, there can be no doubt that the above cases were filed by Plaintiff and should have been disclosed.

Case No. 3:22cv670-MCR-HTC

The Court has the authority to control and manage matters pending before it, and Plaintiff's *pro se* status does not excuse him from conforming to acceptable standards in approaching the Court. If the Court cannot rely on the statements or responses made by the parties, it threatens the quality of justice. The Court will not tolerate false responses or statements in any pleading or motion filed before it.

An appropriate sanction for Plaintiff's abuse of the judicial process in not providing the Court with true factual statements or responses is to dismiss this case without prejudice. *See Bratton v. Secretary, DOC*, 2012 WL 2913171 (M.D. Fla. Jul. 16, 2012) (dismissing case without prejudice where prisoner failed to disclose one (1) prior federal case that was dismissed pursuant to 28 U.S.C. § 1915(e)(2)); *Johnson v. Crawson*, 2010 WL 1380247 (N.D. Fla. Mar. 3, 2010) (dismissing case without prejudice where prisoner failed to disclose one (1) prior federal case). As one district judge from this District recently stated in an order of dismissal for failure to disclose, "If the requirement for prisoner plaintiffs to disclose their prior lawsuits is to serve its purpose, a plaintiff must provide accurate information. If word got around the prisons that inaccurate or incomplete information could be provided with no effective sanction, the form would serve little purpose." *Rodriguez v. Inch*, Case No. 4:19cv191-RH-HTC, at ECF Doc. 52.

Case 3:22-cv-00670-MCR-HTC   Document 8   Filed 03/16/22   Page 6 of 6

Page 6 of 6


Accordingly, it is respectfully RECOMMENDED, that:

1. This case be DISMISSED WITHOUT PREJUDICE for Plaintiff's failure to prosecute and as malicious for Plaintiff's failure to comply with Court orders and Plaintiff's failure to disclose truthfully and completely his litigation history.

2. The clerk be directed to close the file.

Done in Pensacola, Florida, this 16th day of March, 2022.

*/s/ Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed **within 14 days** of the date of the Report and Recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. A copy of objections shall be served upon the magistrate judge and all other parties. A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.